# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE DEBOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-16-254-M |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| d/b/a SAM'S CLUB a/k/a WAL-MART | ) |
| STORES, INC. a/k/a SAM'S EAST, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion to Dismiss Claims, filed April 13, 2016. On May 4, 2016, plaintiff filed her response, and on May 11, 2016, defendant filed its reply.

I.  Introduction

Plaintiff is a former hourly associate of Sam's Club who was terminated on September 7, 2015. On March 16, 2016, plaintiff filed the instant action, alleging the following claims: (1) racial discrimination, harassment, and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act ("Title VII"), (2) gender discrimination and retaliation in violation of Title VII, (3) age discrimination in violation of the Age Discrimination in Employment Act, (4) disability discrimination in violation of the Americans with Disability Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008, (5) interference with and retaliation for plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA"), and (6) workers' compensation retaliation in violation of the Oklahoma Administrative Workers' Compensation Act. Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendant moves this Court to dismiss the following claims for relief: (1) workers' compensation retaliation,

(2) racially hostile work environment, (3) retaliation for engaging in protected opposition to race and/or gender discrimination, (4) disability discrimination, and (5) violations of the FMLA.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(1), the United States Supreme Court has held that the party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over her claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

> Rule 12(b)(1) motions generally take one or two forms. First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction. In reviewing a facial attack, the district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. . . . In reviewing a factual attack, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion.

*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (internal quotations and citations omitted).

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

2

> are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. <u>Discussion</u>

    A. <u>Workers' compensation retaliation claim</u>

Defendant asserts that this Court lacks subject matter jurisdiction over plaintiff's workers' compensation retaliation claim because this claim should have been filed, if at all, before the Oklahoma Workers' Compensation Commission, which has "exclusive jurisdiction" to hear and decide such claims. In 2013, the Oklahoma legislature passed the Administrative Workers' Compensation Act (the "AWCA"). *See* Okla. Stat. tit. 85A, § 1. The AWCA created the Oklahoma Workers' Compensation Commission and vested the Commission with exclusive jurisdiction over

retaliation claims under the AWCA. *See* Okla. Stat. tit. 85A, § 19(A); Okla. Stat. tit. 85A, § 7(B).[1] Because the Oklahoma Workers' Compensation Commission has exclusive jurisdiction over retaliation claims under the AWCA, the Court finds that it does not have jurisdiction over plaintiff's workers' compensation retaliation claim.

However, in her response, plaintiff asserts that investing exclusive jurisdiction in the Oklahoma Workers' Compensation Commission deprives her of her right to a jury trial – a right Article 2, Section 19 of the Oklahoma Constitution guarantees to plaintiff. The Oklahoma Court of Civil Appeals, however, has found a prior version of the Workers' Compensation Act constitutional and specifically found "that Okla. Const. art. 2, § 19, which provides that right to trial by jury shall remain inviolate, does not prevent the Legislature from abrogating the common-law right of action for injury to employee and substituting the Workers' Compensation Court system of compensation determination without jury trial." *Bailes v. Home of Hope*, 977 P.2d 1145, 1148 (Okla. Civ. App. 1999). The Court finds no reason to believe that the Oklahoma courts would reach a different result regarding the AWCA.

Plaintiff also asserts that she should be permitted to proceed with her retaliation claim as a *Burk* tort claim. No *Burk* tort claim, however, is asserted in plaintiff's Complaint. Additionally, the Court finds that it is likely that any *Burk* tort claim would also be subject to dismissal because a state statutory remedy exists that would be sufficient to protect any alleged public policy goal.

---

[1]The AWCA applies to those claims for injuries occurring after the effective date of February 1, 2014. *See* Okla. Stat. tit. 85A, § 3(B). In her Complaint, plaintiff alleges she suffered an on-the-job injury in or around the Fall of 2014. *See* Complaint at ¶ 23. Thus, the AWCA would apply in this case.

4

Accordingly, the Court finds that plaintiff's workers' compensation retaliation claim should be dismissed.

B. <u>Racially hostile work environment claim</u>

In order to establish a prima facie case for a racially hostile work environment, a plaintiff must show: (1) she is a member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her race; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment. *See Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007). Defendant asserts that plaintiff's Complaint fails to allege that under the totality of the circumstances, the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment and the harassment was racial or stemmed from racial animus. Specifically, defendant contends that the comments set forth in plaintiff's Complaint neither demonstrate racial enmity nor hostility nor do they bear the hallmarks of a racially hostile work environment, such as a racial slur or opprobrious act that would rise to the level of pervasive or severe harassment such as would alter the terms, conditions, or privilege of employment.

In her Complaint, plaintiff alleges the following in relation to her racially hostile work environment claim:

> 12. Throughout the time Plaintiff reported to Miracle (in or around early-2015 until on or about September 7, 2015), Miracle repeatedly (on nearly a daily basis) made offensive and unwelcome race-based comments and remarks. By way of example, Miracle frequently commented that a lot of Black men date White women. And, on at least one occasion, when Technician Jeff (Last Name Unknown), who is Caucasian, stated he did not understand why Black individuals would vote for President Obama just because President Obama is Black, Miracle agreed.

5

> \* \* \*
>
> 31. Moreover, Plaintiff is entitled to relief under federal law for racial harassment, as looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

Complaint at ¶¶ 12, 31.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has not set forth sufficient factual allegations to state a plausible racially hostile work environment claim. Specifically, the Court finds that while plaintiff generally alleges that Miracle repeatedly, and on nearly a daily basis, made offensive and unwelcome race-based comments and remarks, none of the specific examples set forth in paragraph 12 of the Complaint, alone or in combination, even if assumed true, would constitute severe or pervasive harassment. Additionally, the Court finds that any other allegations regarding plaintiff's racially hostile work environment claim are simply conclusory allegations. Accordingly, the Court finds that plaintiff's racially hostile work environment claim should be dismissed. However, the Court finds that plaintiff should be granted leave to file an amended complaint to correct the above deficiencies.

### C. Retaliation for engaging in protected opposition to race and/or gender discrimination claim

In order to state a claim for retaliation under Title VII, a plaintiff must show: (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *See Somoza v. Univ. of Denver*, 513 F.3d 1206, 1212 (10th Cir. 2008). Defendant asserts that plaintiff's Complaint fails to set forth sufficient

factual allegations that, even if accepted as true, would demonstrate plaintiff engaged in protected opposition to racial or gender discrimination. Defendant further asserts that plaintiff's Complaint is devoid of any allegations that would suggest the service manager believed or perceived plaintiff as opposing a discriminatory behavior. Finally, defendant asserts that the Complaint is devoid of any allegations connecting plaintiff's alleged remarks to Mr. Miracle to the decision to terminate plaintiff.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has set forth sufficient factual allegations to state a claim for retaliation for engaging in protected opposition to race and/or gender discrimination. Specifically, the Court finds that plaintiff has alleged that she complained to her supervisor, Mr. Miracle, that she felt she was being treated unfavorably because of her race, as well as her gender. *See* Complaint at ¶ 13. Additionally, plaintiff alleges that the day after she complained she was fired – a sufficient factual allegation to plausibly show a materially adverse action and the requisite causal connection. Accordingly, the Court finds that plaintiff's claim for retaliation for engaging in protected opposition to race and/or gender discrimination should not be dismissed.

> D.     Disability discrimination claim

To state a disability discrimination claim, a plaintiff must show: (1) she is a disabled person within the meaning of the statute; (2) she is qualified to perform the essential functions of her position; and (3) she was discriminated against because of her disability. *See Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1185 (10th Cir. 2011). Defendant asserts that plaintiff's Complaint fails to

allege any specific facts to demonstrate an actual disability and fails to allege any causal connection between her alleged disability and her termination.

In her Complaint, plaintiff alleges the following in relation to her disability discrimination claim:

> 23. Of further significance, in or around the Fall 2014, Plaintiff suffered an on-the-job injury, pulling a muscle in her chest, which substantially limited her ability to perform one or more major life activities, including but not limited to lifting, pushing and pulling. Her condition further impacts one or more of her internal bodily processes, including but not limited to her muscular system.
> 24. Plaintiff was required to seek continued medical treatment for said injury. And, Tiffany (Last Name Unknown), who worked as the Club Manager at the time, commented that Plaintiff cost the company thousands of dollars as a result of said injury.
> 25. Plaintiff initially reported the work-related injury on or about the date the injury occurred (in or around the Fall 2014), but after Miracle began his employment, Plaintiff also told him of her injury, as well as her consequent limitations and of her need for continuing medical treatment.
> 26. In fact, on or about July 28, 2015, Plaintiff was required to seek medical treatment for the injury to her chest. And, though, Plaintiff made her need for continuing medical treatment known, Plaintiff was not informed of her right to FMLA leave. And, Plaintiff was terminated shortly after making Miracle aware of her need for continued medical treatment.

Complaint at ¶¶ 23-26.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has set forth sufficient factual allegations to state a claim for disability discrimination. Specifically, the Court finds that plaintiff has set forth sufficient factual allegations to demonstrate an actual disability. Additionally, the Court finds plaintiff has set forth sufficient factual allegations to show a causal connection between her alleged disability and her termination. Plaintiff alleges that

8

she was required to seek medical treatment for her condition on or about July 28, 2015, and less than two months later, on or about September 7, 2015, she was terminated and defendant did not follow its progressive disciplinary policy. Accordingly, the Court finds that plaintiff's disability discrimination claim should not be dismissed.

### E. FMLA claim

Plaintiff alleges both an interference theory of recovery and a retaliation theory of recovery in relation to her FMLA claim. To state a claim for interference with FMLA rights, a plaintiff must show: (1) she was entitled to FMLA leave; (2) some adverse action by the employer interfered with her right to take FMLA leave; and (3) the employer's action was related to the exercise or attempted exercise of her FMLA rights. *See Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1319 (10th Cir. 2005). To state a claim for retaliation for using FMLA rights, a plaintiff must show: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *See Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208-09 (10th Cir. 1997).

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has not set forth sufficient factual allegations to state a FMLA claim. Specifically, the Court finds plaintiff primarily sets forth conclusory allegations in relation to her FMLA claim and has not set forth sufficient facts to allow the Court to draw the reasonable inference that defendant is liable for violating plaintiff's FMLA rights. Accordingly, the Court finds that plaintiff's FMLA claim should be dismissed. However, the Court finds that plaintiff should be granted leave to file an amended complaint to correct the above deficiencies.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss Claims [docket no. 5] as follows:

(A) The Court GRANTS the motion to dismiss as to plaintiff's workers' compensation retaliation claim, racially hostile work environment claim, and FMLA claim;

(B) The Court DENIES the motion to dismiss as to plaintiff's race and gender retaliation claims and disability discrimination claim; and

(C) The Court GRANTS plaintiff leave to file an amended complaint to correct the deficiencies noted above in relation to her racially hostile work environment claim and FMLA claim. Said amended complaint shall be filed within ten (10) days of the date of this Order.

**IT IS SO ORDERED this 19th day of May, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE